UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| AMERISOURCE CORPORATION, | **MEMORANDUM AND ORDER ON MOTIONS *IN LIMINE*** |
| Plaintiff, | |
| | CV-02-2514 (JMA) |
| -against- | |
| RX USA INTERNATIONAL, INC., PARSONS MEDICAL CENTER PHARMACY, INC. (II), and PARSONS MEDICAL CENTER PHARMACY, INC., | |
| Defendants.         X | |

-------------------------------------------------------------------

A P P E A R A N C E S :

>   Paul G. Nofer and William R. Hinchman
>   Klehr, Harrison, Harvey, Branzburg, & Ellers
>   260 South Broad Street
>   Philadelphia, PA 19102
>   *Attorneys for Plaintiff*

>   Michael L. Levine
>   The Law Firm of Michael Levine
>   15 Barclay Road
>   Scarsdale, NY 10583
>   *Attorney for Defendants*

**AZRACK, United States Magistrate Judge:**

The parties filed motions *in limine* on a number of matters, and I heard oral argument on July 10, 2008. I assume familiarity with the briefs and the background of the case.

**1.    Jury trial**

Defendants move for a jury trial on the contract claim and counterclaim, although conceding that no jury demand was timely made. Defendants ask me to grant a jury trial pursuant to my discretion under Fed. R. Civ. P. 39(b), or, in the alternative, grant an extension for filing of the jury demand pursuant to Fed. R. Civ. P. 6(b). I decline to grant a jury trial under Rule 39(b) because my

discretion in that regard is limited to cases where waiver was the result of something more than mere inadvertence. *See Noonan v. Cunard S. S. Co.*, 375 F.2d 69 (2d Cir. 1967); *Raymond v. IBM*, 148 F.3d 63 (2d Cir.1998) (per curiam). Inadvertence appears to be the reason for the waiver here, and defendants have not pointed to any other explanation. Under Rule 6(b)(2), a court may grant an extension of time where the failure to file the jury demand was the result of "excusable neglect," which can include inadvertence. *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993); *Raymond*, 148 F.3d at 63. Deciding whether inadvertence is excusable involves equitably balancing four factors: prejudice to the other party, the reason for the delay, the duration of the delay, and whether the movant acted in good faith. *Id.* I find that the defendants here have simply waited too long to make their Rule 6(b) motion. Plaintiff would be prejudiced by the announcement of a jury trial on the contract claims at this late date. Defendants' motion is denied.

However, since a jury will in any case be seated on the tort claim, I will ask that jury to render an advisory verdict on the contract claims pursuant to Fed. R. Civ. P. 38(c).

**2.     Prior conviction**

Plaintiff moves to admit the approximately 30-year-old criminal conviction of one of the main defense witnesses. Plaintiff concedes that the conviction was entered approximately three decades ago but argues that it must be admitted because the nature of the crime makes it crucial to evaluating the witness's testimony, which is at the core of defendants' tort counterclaim.

Convictions older than ten years are presumed inadmissible under Fed. R. Evid. 609(b) unless "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." The specific facts and circumstances of the conviction at issue are not of the extraordinary type that

might merit an exception to the ten year rule. The conviction is simply too ancient to be instructive as to the witness's truthfulness in trial testimony he will give 30 years later. Despite this, the conviction would likely be given a prominent role if presented to the jury, having a strongly prejudicial effect. Plaintiff's motion to introduce the conviction is therefore denied.

**3.      Expert testimony by Allen Dorkin**

Plaintiff has moved to exclude the testimony of defendants' expert, Allen R. Dorkin, a certified public accountant, as to the damages suffered by defendants from the alleged business interference tort. Plaintiff argues that, under Fed. R. Evid. 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Dorkin's testimony must be excluded because it is based on insufficient evidence and employs unreliable methods.

At oral argument, plaintiff asserted (and defendants did not contest) that the parties had stipulated that Dorkin would not testify as to damages calculations other than those referred to as "Method 1A" and "Method 3" in his report, so I examine the admissibility of only those two methods.

*A.      Method 1A*

In Method 1A, Dorkin calculated RxUSA's lost profits by comparing the actual discounts on wholesale orders RxUSA received during the 2000-2003 period against the discounts it had allegedly been promised by Amerisource (which were significantly larger). Plaintiff argues that there is no sufficient factual basis for this calculation.

The central point of plaintiff's argument is that Dorkin assumed that, in the 2000-2003 years, RxUSA could have received the same discount allegedly promised by Amerisource in 1999 but for Amerisource's interference. Plaintiffs also point to other assumptions made by Dorkin in Method

3

1A, such as what discounts RxUSA actually received and what percentage of its purchases would have been of insulin products in the 2000-2003 period.

Defendant conceded at oral argument that Dorkin's ability to testify depended on these underlying assumptions being proven at trial. Provided this is the case, plaintiff's criticisms of Dorkin's testimony go to weight, not admissibility. I therefore deny plaintiff's motion to exclude Dorkin's testimony as to Method 1A.

### B. *Method 3*

In Method 3, Dorkin calculated RxUSA's lost profits for 2000-2003 by choosing several companies that had average gross profit percentages in 1999 that were approximately the same as RxUSA's 1999 gross profit percentage. Dorkin then calculated the profits that RxUSA would have made on its actual sales in 2000-2003 if it had the same gross profit percentage in each of those years as the average gross profit percentage of the comparator companies.

Plaintiff argues that Method 3 is unreliable because Dorkin chose major top-level pharmaceutical wholesalers as comparator companies for RxUSA, a much smaller and lower-level distributor. Plaintiff characterized this as similar to comparing a hamburger cart to a major fast-food burger chain, and argued that Method 3 was thus too unreliable to come in under Rule 702 and *Daubert*.

I agree. In employing Method 3, Dorkin left the realm of his expertise by offering a business projection, which might be reliable were it to be made by an economist. Method 3 lacks the kind of in-depth analysis of market facts that might show why RxUSA and the chosen wholesalers should be expected to earn comparable profit percentages. Absent this basis, Method 3 applies an inadequate methodology to insufficient facts. I therefore grant plaintiff's motion as to Method 3.

4

Dorkin cannot testifying regarding those calculations.

**4.      Hearsay matters**

I heard oral argument from the parties on various hearsay matters, which were also addressed in the briefs. As discussed at the hearing, the parties are to determine, in the course of preparing the joint pretrial order, which of the hearsay statements will be offered. I will then rule on the admissibility of each specific piece of hearsay evidence when it is offered at trial. This does not include the contested testimony by Mr. LaFontaine regarding his participation in prior credit group meetings and certain slurs he witnessed; those statements are excluded, as I ruled from the bench during the hearing.

SO ORDERED.

Dated: Brooklyn, New York
July 15, 2008

/s/
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE