UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
AMERISOURCE CORPORATION,

                     Plaintiff,

   -against-                                      **ORDER ON MOTION**
                                                        ***IN LIMINE***

RXUSA INTERNATIONAL INC., PARSONS MEDICAL
CENTER PHARMACY INC., and PARSONS MEDICAL        02-CV-2514 (JMA)
CENTER PHARMACY INC. (II)

                     Defendants.
-------------------------------------------------------------------------X

A P P E A R A N C E S:

Paul G. Nofer
Klehr, Harrison, Harvey, Branzburg, & Ellers
260 South Broad Street
Philadelphia, PA 19102
    *Attorney for Plaintiff*

Michael L. Levine
The Law Firm of Michael Levine
15 Barclay Road
Scarsdale, NY 10583
    *Attorney for Defendants*

**AZRACK, United States Magistrate Judge:**

       In this counterclaim for tortious interference with business relations by RxUSA against Amerisource, Amerisource moves *in limine* for an order excluding certain hearsay evidence regarding statements by non-parties concerning the basis for their business decisions about RxUSA.[1] The evidence at issue goes to the heart of RxUSA's claim that Amerisource wrongfully interfered with RxUSA's business relationships with the non-parties. For the reasons

---

[1] Amerisource initially moved to exclude the evidence on July 9, 2008. (Dkt. No. 173). On July 15, 2008, I reserved ruling until trial. (Dkt. No. 179.) Trial commenced on January 26, 2009 and I heard oral argument on January 28, 2009.

that follow, Amerisource's motion is granted and the evidence is excluded. Assuming the parties' familiarity with the case, I will dispense with a recitation of the facts.

The evidence at issue includes both live trial testimony by RxUSA representatives and documentary exhibits. Amerisource seeks to exclude the testimony of RxUSA representatives Robert Drucker and Marc Scovotti that employees of various non-party distributors told Drucker and Scovotti (i) that their companies would not deal with RxUSA; (ii) that their companies would not deal with RxUSA until Amerisource gave its approval; and (iii) that their companies would not deal with RxUSA because Amerisource said that RxUSA was a bad credit risk. Additionally, Amerisource seeks to exclude a series of computer printouts that purport to be Mr. Drucker's notes from these various conversations (Defense Exhibit J.) The live testimony and the exhibits are thus different forms of the same evidence. Amerisource asserts that this evidence constitutes inadmissible hearsay. RxUSA concedes that the evidence is hearsay but contends that it is nevertheless admissible under the exceptions for statements of then-existing intention and the business records exception.

RxUSA's concession notwithstanding, it is important for the purposes of proper analysis to note the extent of the hearsay proffered. Not only does RxUSA seek to admit evidence of the substance of out-of-court statements, but the statements themselves contain hearsay, which hearsay, in turn, contains more hearsay. For example, Drucker would testify that an employee of a non-party pharmaceutical distributor told him that a colleague told the employee that Amerisource told the collegue that RxUSA is a bad credit risk. There is no dispute that the statements are being offered for the truth of the matters asserted, namely (i) that the company would not do business with RxUSA and (ii) that Amerisource said RxUSA was a bad credit risk.

Under the Federal Rules of Evidence, such hearsay is inadmissible, even if relevant, unless there is an applicable exception. Fed. R. Evid. 802. Where, as here, evidence consists of multiple layers of hearsay, it is only admissible if there is an exception for each layer. Fed. R. Evid. 805; see also U.S. v. Cruz, 894 F.2d 41, 44 (2d Cir. 1990). To overcome the rule against hearsay, RxUSA relies upon Federal Rule of Evidence 803(3), which permits evidence of "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . ." Fed. R. Evid. 803(3).

The statements offered by RxUSA arguably describe a state of mind as described under Rule 803(3) to the extent that they assert an intention not to deal with RxUSA. However, Rule 803(3) is unavailing for several reasons. First, to be admissible under this exception, the hearsay declarant's state of mind must be relevant to the case. Metro. Ent. Corp. v. United Technologies Int'l., No. 03-CV-1685, 2006 WL 798870, at *1 (D. Conn. 2006). Here, the declarants are salespersons for various non-party pharmaceutical distributors with whom RxUSA sought to do business. However, credit managers rather than salespersons decided whether or not to do business with prospective customers and the declarants in this case had no authority or involvement in the decision to decline RxUSA's business. Consequently, the salespersons' states of mind and intentions are not relevant. Indeed, their statements reveal not their own intention but rather their belief or memory as to the intention of the actual decision-maker, which is explicitly excluded by Rule 803(3). See, e.g., U.S. v. Taubman, 297 F.3d 161, 164–65 (2nd Cir. 2002) (excluding hearsay statement by defendant that he was unsure why chairman of chief competitor of international auction house had wanted to meet with him, offered to prove

defendant's state of mind at meeting, as inadmissible hearsay at defendant's trial for conspiracy to fix prices, because meeting had already happened).

Moreover, in addition to expressing an intent not to do business with RxUSA, the statements also express why that decision was made (i.e. because Amerisource said RxUSA was a bad credit risk). Rule 803(3) expressly excludes from the exception "a statement of memory or belief to prove the fact remembered or believed . . . ." Fed. R. Evid. 803(3). Based on this limitation to the exception, courts have consistently held that 803(3) "does not permit the witness to relate any of the declarant's statements as to why [the declarant] held the particular state of mind, or what [the declarant] might have believed that would have induced the state of mind." United States v. Joe, 8 F.3d 1488, 1493 (10th Cir. 1993). Thus, the statements explaining why the company did not intend to do business with RxUSA are expressly outside the state-of-mind exception. See Fed. R. Evid. 803(3) advisory committee's note ("The exclusion of 'statements of memory or belief to prove the fact remembered or believed' is necessary to avoid the virtual destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind.").

RxUSA's reliance on Rule 803(3) is additionally misplaced in light of the logic that gives rise to this exception. RxUSA insists on a mechanical application of the exception asserting that because the statements, on their face, express future intent they are automatically within the exception. However, the hearsay rules are about reliability and should not be mechanically applied. The rule against hearsay is based on the inherent unreliability of out of court statements and the difficulties of testing such statements. The exceptions acknowledge that otherwise unreliable statements become reliable because of the circumstances under which they were

4

made. The then-existing state of mind exception is exempted from the hearsay rule on the logic that the declarant does not have time to reflect and fabricate a statement expressing how he feels at the moment he is making the statement. See U.S. v. Harwood, 998 F.2d 91, 98 (2d Cir. 1993). The exception thus is only appropriate where there is contemporaneity between the event that gives rise to the state of mind or intention and the declarant's expression of that state of mind or intention. Id. Evidence of such contemporaneity, and attendant reliability, is completely lacking here. There is no indication that the statement (we will not do business with RxUSA) was made as a contemporaneous reaction to the alleged event that gave rise to the sentiment (i.e. Amerisource reporting to the non-party distributor that RxUSA was a bad credit risk). This is particularly troublesome here where the statements are offered to prove the elements of the cause of the action because it leaves Amerisource with no way of cross-examining the declarants or their sources. Amerisource would be left with no way to challenge the evidence offered to prove RxUSA's main claim.

Even if Rule 803(3) were applicable to what the declarants told the witnesses, the testimony is further inadmissible because there are no exceptions applicable to the hearsay embedded within the declarants' statements. In fact, in some cases, the declarant's source is unidentified. Such unreliable, untestable evidence cannot be offered to a jury.

As noted above, the exhibits at issue, which appear to be typewritten lotus notes entries, evidence the same hearsay conversations as the testimony RxUSA seeks to admit. Thus, the exhibits suffer from the same hearsay problems as the testimony and add yet another layer of hearsay. RxUSA attempts to get around this issue by asserting that the notes are business records under Federal Rule of Evidence 803(6). Hearsay is excepted from Rule 802's general exclusion of hearsay if it is a record of "events . . . made at or near the time by, or from

information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation." Fed. R. Evid. 803(6). As with all hearsay exceptions, "[t]he principal precondition to admissibility is that the record have sufficient indicia of trustworthiness to be considered reliable ." United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000.)

The notes RxUSA seeks to introduce do not meet the criteria for business records exception. Many of the notes provide only the month and year of the conversation, indicating that the notes were taken well after the conversations. Moreover, RxUSA has not established that Drucker was under any obligation to make the notes or that the notes were made in the regular course of RxUSA's business activity. U.S. v. Taubman, 297 F.3d 161, 164 (2d Cir. 2002) (holding that notes of a meeting by a participant were not business records because the note-taker was under no obligation to make them and had not established that the document was created under circumstances indicative of trustworthiness). The subject notes here are more akin to a personal diary rather than information maintained in the regular course of business.

Finally, admissibility must ultimately be guided by Federal Rule of Evidence 403, which stated that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Here, the statements are clearly relevant as they prove the element of interference (that Amerisource said RxUSA was a bad credit risk) and additionally provide the required nexus between Amerisource's actions and the decisions of third parties. However, the probative value of the evidence is nearly eviscerated by the substantial unreliability inherent in multi-level hearsay statements by declarants lacking personal knowledge

of the matters asserted. Consequently, the evidence must also be excluded for its prejudicial effect.

For the foregoing reasons, Amerisource motion is granted and the exhibits and testimony regarding conversations between RxUSA representative and employees of non-party distributors are excluded from trial.

SO ORDERED.


Dated: January 29, 2009
      Brooklyn, New York


                                                       /s/
                                      JOAN M. AZRACK
                                      UNITED STATES MAGISTRATE JUDGE